Foundation Plan, Incorporated v. Commissioner.
Foundation Plan v. Commissioner
Docket No. 12504.
United States Tax Court
1947 Tax Ct. Memo LEXIS 2; 6 T.C.M. (CCH) 1345; T.C.M. (RIA) 47343; December 31, 1947
*2 A debt owing to petitioner is not proved to have become worthless in the taxable year. Walter T. Margetts, Jr., Esq., 40 Wall St., New York, N. Y., for the petitioner. J. Richard Riggles, Esq., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion The Commissioner determined an income tax deficiency for 1942 in the amount of $4,483.07. The question is whether a debt owing to the petitioner became worthless in the taxable year. Findings of Fact The petitioner is a registered securities dealer engaged in the investment business. Its principal office is in New York City, and its tax return for the year 1942 was filed with the collector for the third district of New York. Prior to the taxable year, petitioner invested certain of its surplus funds in the stock of the George Manufacturing Company, a small corporation engaged in war work on a subcontract basis. It also made a series of loans to that company to cover payrolls, cost of equipment, and other operating expenses. On August 31, 1942, George Manufacturing Company was indebted to petitioner on notes in the amount of $10,500, secured by chattel mortgages, and on unsecured demand notes *3 in the amount of $19,200. At about that time, the president of petitioner, who was also an officer of George Manufacturing Company, sought financial assistance for the latter company from the First New Amsterdam Corporation. The First New Amsterdam Corporation agreed to advance moneys to George Manufacturing Company on condition that its unsecured indebtedness to the petitioner be subordinated. Accordingly, on September 30, 1942, petitioner accepted in exchange for its unsecured notes a debenture of George Manufacturing Company in the amount of $19,200, due September 30, 1945, with interest at six per cent. This obligation was expressly made subordinate and junior to the liabilities and obligations of George Manufacturing Company to all other creditors. The balance sheet of George Manufacturing Company as of August 31, 1942, showed total assets of $239,530.05, total liabilities of $206,721.90, capital stock of $29,431.84, and surplus of $3,376.31. Its balance sheet as of September 30, 1942, showed total assets of $269,998.70, total liabilities of $224,853.29, capital stock of $34,700, and surplus of $10,445.41. The current liabilities per books were more than twice the current *4 assets. The profit and loss statement of George Manufacturing Company for the period September 1, 1941 to August 31, 1942, showed net profit of $20,874.71 on sales of approximately $468,000. The profit and loss statement for the month of September 1942 showed a net profit of $9,370.42 on sales of approximately $100,000. In 1942, petitioner on its books wrote down the $19,200 George Manufacturing Company subordinated debenture to $1 and in its return for that year claimed the difference of $19,199 as a bad debt. The respondent has disallowed the deduction. In May 1943, petitioner sold all its George Manufacturing Company stock and the $19,200 subordinated debenture to First New Amsterdam Corporation for $3,000. It sold the $10,500 secured notes to the same company for face value. The debt owing to petitioner from George Manufacturing Company on the subordinated debenture did not become worthless in 1942. Opinion ARUNDELL, Judge: Section 23 (k) of the Internal Revenue Code provides for the deduction of debts which become worthless during the taxable year. The petitioner here claims deduction for the debt owing to it from George Manufacturing Company on *5 the subordinated debenture, but the record it has made completely fails to demonstrate that the debt became worthless in the taxable year. There is no evidence as to the fair market value of any of the assets of George Manufacturing Company when petitioner accepted the subordinated debenture in exchange for its unsecured notes, or at any other time during the taxable year. Indeed, the balance sheets of the company in evidence show a surplus. We find no evidence of any identifiable event or closed transaction fixing the worthlessness of the debt in question, either in whole or in part, during the taxable year. The fact that in May 1943 the petitioner sold the debenture and its George Manufacturing Company stock to First New Amsterdam for a substantial consideration is but further evidence that the debt had not become worthless in 1942. We hold that the petitioner is not entitled to the claimed deduction. Decision will be entered for the respondent.